UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO PHILLIPS,

    Petitioner,

    v.

WARDEN,

    Respondent.

CASE NO.: 3:18-CV-750-JD-MGG

OPINION AND ORDER

Antonio Phillips, a prisoner without a lawyer, was convicted of dealing cocaine in cause number 02D04-0804-FA-000013 following a jury trial. On November 14, 2008, the Allen Superior Court sentenced him to thirty-five years of incarceration. Phillips filed the instant habeas corpus petition under 28 U.S.C. § 2254 to challenge that conviction and sentence. The court ordered the Warden to respond pursuant to Section 2254 Habeas Corpus Rule 5, and he did so by filing a motion to dismiss the petition as untimely. ECF 12. In reply, Phillips filed a "motion to grant petition," arguing that "the petition may or may not be late," but relief should be granted to prevent a fundamental miscarriage of justice. ECF 14.

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Phillips wrote:

> This petition is timely because Phillips' U.S. Constitutional Rights were completely violated in every imaginable way. This case is a prime example of Faretta v. California and more. This case has extraordinary circumstances where Phillips was falsely charged, maliciously prosecuted, fraudulently convicted, and wrongfully incarcerated and deprived of his liberty for more than a decade. Phillips is not a lawyer and ignorant to the knowledge and use of a computer so he cannot look cases up his self (sic). Provided is some transcript pages and motions alleged to be filed and chronological case summary that shows they were never filed. The trial and judicial process is a mockery of justice and a fundamental miscarriage of justice.

ECF 1 at 12. In his reply, he concedes that the petition may be late, but he doubles down on the assertion that the court must correct a "fundamentally unjust incarceration." ECF

14 at 1. Nothing in those answers or any other part of the petition indicates his claims are based on a newly recognized constitutional right that has been made retroactive on collateral review or that newly discovered evidence applies to save his claims. And, although Phillips references his lack of legal and computer knowledge, that cannot be attributed to State action that impeded him from filing a federal habeas corpus petition. *See e.g. Pennsylvania v. Finley*, 481 U.S. 551 (1987) (prisoners do not have a right to the assistance of legal counsel when mounting collateral attacks); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) (even in the context of equitable tolling, lack of familiarity with the law does not excuse untimeliness); *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007) ("[W]hatever constitutes an impediment must prevent a prisoner from filing his petition."). Nor can his assertion that it took several years due to the actions of the "state officials" to get the transcripts that he attaches to his petition (*see* ECF 1 at 18), because the lack of transcripts did not physically prevent Phillips from preparing a timely habeas petition and mailing it to this court. *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("The state's failure to provide [the petitioner] with a transcript did not prevent him from filing his habeas corpus petition, and the time limit contained in § 2244(d)(1)(B) does not apply to this case."). Thus, 28 U.S.C. § 2244(d)(1)(B), (C) and (D) are not applicable here.

Although Phillips does not argue that equitable tolling applies, he does argue that denying his habeas petition would constitute a fundamental miscarriage of justice because he is innocent of the charges for which he was convicted. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner must

show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (internal quotation marks and citation omitted). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To support a claim of actual innocence, the petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup*, 513 U.S. at 327). Because of the difficulty of meeting this standard, such claims are "rarely successful." *Schlup*, 513 U.S. at 324.

Phillips has not submitted any new scientific evidence, an eyewitness account, or physical evidence. Rather he has presented his own affidavit which states that: (1) he never sold drugs to anyone but was instead framed by the detectives; (2) one of the detectives who testified at his trial was an "imposter;"[1] and (3) there were procedural

---

[1] Phillips claims that Officer Cleophus Jones falsely took the stand as Detective Gregory Addison.

4

irregularities within the state post-conviction proceedings. ECF 1 at 13–14. He also attaches various state court documents and transcript excerpts of pre-trial and trial testimony.

Generally speaking, affidavits in habeas corpus proceedings are "disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations." *Herrera v. Collins*, 506 U.S. 390, 417 (1993). This is especially true where—as here with regard to Phillips' claim that he was framed—the affidavit relays only upon non-specific, self-serving information. Phillips provides no new details in his affidavit or attachments that would serve to establish that it is more likely than not that no reasonable juror would have found him guilty. Rather, Phillips simply states, without elaboration, that he "never sold drugs to anyone. Detective Miguel Rivera #1573 framed Mr. Phillips over a female named Donya Brown. Det. M. Rivera #1573 claims Phillips sold him drugs. He has Detective Gregory Addison #1810 file a dealing charge as if Mr. Phillips sold Det. G. Addison #1810 the drugs." ECF 1 at 13. Phillips challenged the sufficiency of the evidence related to his conviction on appeal, and the court summarized the relevant evidence as follows:

> On April 22, 2008, Phillips was charged with class A felony dealing in cocaine. At trial, Phillips admitted to being at the motel on the day in question, but denied any involvement in the drug transaction. He claimed that he had never seen Detective Addison, that he had found $150 in his motel room, and that the person he had spoken with in the car was Detective Rivera. Detective Rivera denied being present at the motel on April 16, 2008. Following Detective Rivera's testimony, Phillips began screaming at the judge and jury, claiming the ineffective assistance of counsel, and caused the court to excuse the jury from the room. . . .

5

> Phillips was positively identified at trial by Detective Addison as the man who sold him what was later identified as 3.35 grams of crack cocaine. Further, Phillips was arrested immediately following his transaction with Detective Addison. Detective Kirby, the arresting officer, testified that he and other officers maintained constant surveillance of the transaction up until the time of Phillips's arrest. Finally, prior to the transaction, the $150 buy money used by Detective Addison had been copied and was verified as the $150 found in Phillips's jacket pocket when he was arrested. Based on this evidence, a reasonable factfinder could have concluded that Phillips knowingly or intentionally sold Detective Addison crack cocaine in an amount equal to or exceeding three grams. Therefore, we find the evidence sufficient to support Phillips's conviction for class A felony dealing in cocaine.

*Phillips v. State*, No. 02A03-0901-CR-10, 2009 WL 1851045, *1, 3 (Ind. Ct. App. June 29, 2009). Weighed against the testimony of Detective Addison and Detective Kirby at trial, Phillips' vague, self-serving affidavit does not sufficiently demonstrate his innocence. *See Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) ("new" evidence consisting of affidavits from the defendant's family members did not establish that no reasonable factfinder would have found the defendant guilty because "testimony of a single eyewitness suffices for conviction even if 20 bishops testify that the eyewitness is a liar.").

As to his claim that an "imposter" took the stand posing as Detective Gregory Addison, Phillips states that the affidavit for probable cause which led to his arrest lists the affiant as "Gregory Addison" (ECF 1 at 26) but, during the trial, the witness identified himself as "Gregory Addison, *Jr.*" (ECF 1 at 27–28) (emphasis added). Phillips asserts that there is no one named Addison with the suffix of Jr. at the Fort Wayne Police Department—only a Gregory Addison. Thus, he concludes without additional explanation, the person who testified as Detective Gregory Addison was really Officer

6

Cleophus Jones, and his trial counsel, the prosecutor, and the judge knowingly allowed the deception to occur. In support of this contention, Phillips attaches a copy of the original transcript and one containing his own hand-written alterations.[2] Even if this evidence were to be considered new—which it is not—it is far from reliable. The fact that "Jr." was referenced during the trial but not on the probable cause affidavit or the Fort Wayne police roster does not lead to a reasonable inference that an imposter took the stand. This argument is frivolous. *See Woods*, 589 F.3d at 377 (claim must be "credible" to rebut the presumption of guilt when asserting actual innocence).

Phillips also argues that irregularities within the State post-conviction proceedings constitute a miscarriage of justice. Specifically, he alleges that John Pinnow, a Public Defender, "pose[d] as substitute counsel of the post-conviction petition, . . . refuted the issues in the petition and pretend[ed] to withdraw." He asserts that various notices and motions were not properly filed with the court, and he attaches copies of the documents and the chronological case summary from the underlying criminal case—cause number 02D04-0804-FA-000013—in support of his argument. It does appear that several of the entries are missing from that particular case summary; however, the case summary related to the post-conviction petition itself includes the relevant entries.[3] Nothing in the record plausibly supports the suggestion that Phillips'

---

[2] In the original transcript, when asked to state his full name, the officer responded, "Gregory Kennedy Addison, Jr." In the revised, hand-altered version, the officer allegedly responded "Gregory Addison . . . Jr.!!! I had to say that y'all know why I had to say it." ECF 1 at 27–28.

[3] Notice of Substitution of Counsel (docketed 8/14/2012, file stamped 6/13/2012); Notice of Withdrawal of Appearance (docketed 2/22/2013, file stamped 2/19/2013); Motion to Require Petitioner to Submit Case by Affidavit (docketed 3/14/2013, file stamped 2/25/2013); Order Granting Motion to
7

post-conviction counsel "pretended" to withdraw or deceived the court in any way. And, more importantly, evidence of procedural irregularities in the State court filing system is not supportive of a claim of actual innocence. *See Bousley*, 523 U.S at 623 (actual innocence means "factual innocence, not mere legal insufficiency").

Finally, throughout his petition, Phillips makes several other arguments as to why his conviction should be overturned. He claims his trial counsel was ineffective for failing to request a mistrial for non-separation of witnesses, for failing to file pretrial motions or object during trial to the State's evidence that was allegedly improperly seized, for failing to impeach the State's witnesses with prior inconsistent testimony, for failing to enter relevant phone records into evidence, for holding conferences off-the-record with the judge and the prosecutor during trial, for failing to object when the prosecutor mentioned his prior drunk-driving charges, and for being generally unprepared before and during trial. He claims that his appellate counsel was ineffective for not arguing that his trial counsel was ineffective and for not properly presenting his issues on appeal. He claims that the trial court judge was biased because he forced him to go to trial with a public defender he did not want and refused to let him represent himself,[4] allowed evidence in at trial that had been seized without a warrant, and failed

---

Require Petitioner to Submit Case by Affidavit (docketed 3/14/2013, signed 3/8/2013); Order Granting Motion to Dismiss (docketed 7/1/2013, signed 6/26/2013). *See* ECF 12-4 at 1–4; *see also Phillips v. State of Indiana*, No. 02D04-1003-PC-000026 (Allen Super. Ct. 4 filed Mar. 29, 2010), available online at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IllUUTFNekF5T1RFek1UZ3dPakV3TmppeE5UWm1aZz09In19 (last visited August 12, 2019).

[4] Phillips argues that the transcripts from a pre-trial hearing held before the state court judge have been altered. In the original transcript, when discussing whether Phillips' request to proceed to trial pro se should be granted, the judge responded, "I'm going to deny that on the basis of your prior mental history." In the revised, hand-altered version, the judge allegedly responded "Nope. You can't do that either." ECF 1 at 16–17. Even assuming Phillips' revised version of the transcript is accurate, this evidence

8

to require the prosecutor to properly mark evidence in the record. None of these arguments are based on new evidence. None of them demonstrate that he is actually innocent of the crime for which he was convicted. Thus, the miscarriage of justice exception does not apply in this case.

As such, the 1-year limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when Phillips' conviction became final upon the expiration of the time to pursue direct review or the expiration of the time for seeking such review. Here, Phillips was sentenced on November 14, 2008. He filed a direct appeal, and the Indiana Court of Appeals affirmed his conviction on June 29, 2009. He sought transfer to the Indiana Supreme Court, but his petition was denied on September 3, 2009. He did not file a petition for certiorari to the United States Supreme Court.[5] Nevertheless, he had 90 days to do so, and his conviction did not become final until that time expired on December 2, 2009. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). His 1-year limitation period began to run the next day—Phillips had until December 2, 2010, to seek federal habeas relief or file a State petition for post-conviction relief that would serve to toll the federal limitations period pursuant to § 2244(d)(2).

---

does not provide a basis for establishing that it is more likely than not that no reasonable juror would have found Phillips guilty beyond a reasonable doubt if he had been allowed to represent himself at trial.

[5] *See* ECF 12-2 at 4–5; *see also Phillips v. State of Indiana*, No. 02A03-0901-CR-00010 (Ind. Ct. App. filed Nov. 18, 2008), available online at:
https://publicaccess.courts.in.gov/docket/Search/Detail?casenumber=Cw7DI7ONVfs4zExKqkkIa8vd8LE59KHLp-rPu7q7jZpyf3100iU970ttRvIe-w1y0 (last visited August 12, 2019).

The limitations period was tolled when Phillips filed a post-conviction relief petition in cause number 02D04-1003-PC-26 on March 29, 2010, which was dismissed on July 1, 2013.[6] By then, 117 days of his 365 day (1-year) period of limitation had expired and only 248 days remained. On March 6, 2014, the deadline for filing a federal habeas corpus petition expired. Phillips states that he appealed the "illegal" dismissal of his post-conviction relief petition to the Indiana Court of Appeals in cause number 02A03-1406-CR-00223. However, a review of the state court online case summary appears to indicate that this was a belated, second appeal of his underlying criminal case in cause number 02D04-0804-FA-000013 rather than an appeal of his post-conviction relief petition.[7] Either way, that appeal was not filed until June 26, 2014, which was more than three months beyond the deadline for filing his federal habeas petition. Once expired, later filings do not "restart" the federal clock or "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009).[8] Thus, when

---

[6] The dismissal order was signed on June 26, 2013, but it was not entered until July 1, 2013. *See* ECF 12-4 at 3–4; *see also Phillips v. State of Indiana,* No. 02D04-1003-PC-000026 (Allen Super. Ct. 4 filed Mar. 29, 2010), available online at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IllUUTFNekF5T1RFek1UZ3dPakV3TmpjE5UWm1aZz09In19 (last visited August 12, 2019).

[7] *See Phillips v. State of Indiana,* No. 02A03-1406-CR-00223 (Ind. Ct. App. filed June 26, 2014), available online at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik5UQXpORUF5T1RFek1UZ3dPalUyT0RFeU9UQXlNalU9In19 (last visited August 12, 2019).

[8] Phillips also indicates that he filed an additional collateral attack on March 16, 2016, in cause number 02D04-1603-PC-000037. The online state court case summary reflects that this petition was filed on March 8, 2016, and it was dismissed as a successive petition for post-conviction relief on March 23, 2016. *See Phillips v. State of Indiana*, No. 02D04-1603-PC-000037 (Allen Super. Ct. 4 filed Mar. 8, 2016), available online at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik9UazBOVEF5T1RFek1UZ3dPakkxTnpFMU5qSXlOR1U9In19 (last visited on August 12, 2019). Not only was this petition filed beyond the expiration of the deadline, but it is also not considered "properly filed" for purposes of tolling. *See De Jesus*, 567 F.3d at 942-43; *see also Powell v. Davis*, 415 F.3d 722, 726–27 (7th Cir. 2005)

10

Phillips filed the instant petition in September of 2018, he was more than four years too late.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons explained in this opinion, there is no basis for encouraging Phillips to proceed further. Thus, a certificate of appealability will be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 12);

(2) DISMISSES the habeas petition (ECF 1) as untimely;

(3) DENIES the motion to grant petition (ECF 14);

(4) DENIES the motion to recuse (ECF 15);[9]

---

("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under 2244(d)(2).")

[9] Phillips filed a motion to recuse State Court Judge Frances Gull from the underlying criminal case and post-conviction proceedings. This motion is procedurally frivolous, and, substantively, it is duplicative of the arguments raised in the habeas petition itself.

11

(5) DENIES Antonio Phillips a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(6) DIRECTS the clerk to close this case.

SO ORDERED on August 16, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT